J-S27039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRON HANDY, | |
| Appellant | No. 1653 EDA 2016 |

Appeal from the Judgment of Sentence April 22, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0009660-2011

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED JULY 07, 2017**

Appellant, Tyron Handy, appeals from the judgment of sentence imposed on April 22, 2016, following the revocation of his probation. Specifically, he challenges the discretionary aspects of his sentence.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's July 20, 2016 opinion.  On October 13, 2011, Appellant entered a negotiated guilty plea to burglary and conspiracy.[1]  Pursuant to the plea agreement, on November 10, 2011, the trial court sentenced him to not less than six nor more than twenty-three

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a) and 903, respectively.

months of incarceration, followed by three years of probation for burglary; it did not impose a sentence for conspiracy.

Appellant was released on parole on February 28, 2013. After a violation of probation hearing on March 21, 2014, the trial court continued Appellant's probation. Less than three months later, on June 10, 2014, Appellant was arrested and charged with third-degree murder for his participation in a shootout. On November 30, 2015, Appellant pleaded guilty to murder of the third-degree[2] and was sentenced to not less than twenty nor more than forty years of imprisonment.

On April 22, 2016, the trial court conducted a revocation of probation hearing, where it found that Appellant's third degree murder conviction placed him in direct violation of his probation. The court revoked his probation and sentenced Appellant to not less than nine nor more than eighteen years of imprisonment, to run consecutive to the sentence for third-degree murder. Appellant filed a post-sentence motion for reconsideration on April 29, 2016, which was denied by operation of law. *See* Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation shall be filed within [ten] days of the date of imposition. The

---

[2] 18 Pa.C.S.A. § 2502(c).

filing of a motion to modify sentence will not toll the [thirty]-day appeal period."). This timely appeal followed.[3]

Appellant raises one question for our review.

> [Whether] the [trial] court abuse[d] its discretion by failing to responsibly fashion an individualized sentence where, during a perfunctory four-minute violation of probation hearing, the court revoked [A]ppellant's probation and imposed a manifestly excessive sentence of [nine] to [eighteen] years' incarceration, ordered to run consecutive to another judge's sentence of [twenty-five] to [sixty] years' incarceration, without considering or even having knowledge of a single aspect of [A]ppellant's background or character, and without disclosing in open court anything other than a boilerplate statement of reasons for the sentence imposed?

(Appellant's Brief, at 3).

Appellant's issue challenges the discretionary aspects of his sentence. This Court has concluded that a challenge to a discretionary sentencing matter after revocation of probation proceedings is within the scope of its review. *See Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006), *appeal denied*, 906 A.2d 1196 (Pa. 2006).

> Such a challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004).
>
> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether

_____

[3] Pursuant to the trial court's order, Appellant filed his statement of errors complained of on appeal on July 6, 2016. The trial court issued its opinion on July 20, 2016. *See* Pa.R.A.P. 1925.

the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because . . . [Appellant] must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)[, *appeal denied*, 77 A.3d 1258 (Pa. 2013)] (citations omitted); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.") [(citation omitted)].

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015).

Here, Appellant has properly preserved his issue by filing a post-sentence motion for reconsideration of sentence, which was denied by operation of law, and a timely appeal. Appellant's brief contains a Rule 2119(f) concise statement of reasons relied on for allowance of appeal. (*See* Appellant's Brief, at 9-11). In it, Appellant argues that the trial court failed to consider the factors set forth in the sentencing code, to order a pre-sentence investigation report (PSI), and to state the reasons for the sentence imposed on the record. (*See id.* at 10-11). "We have held that an appellant's allegation that the trial court imposed sentence without

- 4 -

considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report does raise a substantial question." ***Commonwealth v. Flowers***, 950 A.2d 330, 332 (Pa. Super. 2008) (citation and internal quotation marks omitted). Thus, Appellant has presented a substantial question and we will proceed to the merits of his claim.

Our standard of review of an appeal from a sentence imposed following the revocation of probation is well-settled: "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Colon***, ***supra*** at 1041 (citation omitted).

In his issue, Appellant claims that the trial court did not consider the relevant sentencing factors and did not fashion an individualized sentence. (***See*** Appellant's Brief, at 14-25). Specifically, he claims that the court failed to consider his background and character, and failed to state adequately its reasons on the record for imposing its sentence.[4] (***See id.*** at 14). We disagree.

---

[4] Appellant also argues that the court erred in failing to order a PSI, or state on the record its reasons for not doing so. (***See*** Appellant's Brief, at 19-21). However, as noted by the Commonwealth, Appellant failed to object to the lack of PSI either during the violation of probation hearing or in his post-sentence motion, and failed to include it in his statement of errors complained of on appeal. (***See*** N.T. Hearing, 4/22/16, at 1-8; Motion for Reconsideration, 4/27/16, at unnumbered pages 1-3; Statement of Errors

*(Footnote Continued Next Page)*

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). . . .

*Colon*, *supra* at 1044. "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010) (citation omitted). "[O]ur sentencing guidelines are not required to be consulted" when sentencing upon revocation. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1040 (Pa. Super. 2013) (citing 204 Pa. Code. § 303.1(b)).

Here, the record reveals that the court was familiar with Appellant because it had accepted his burglary plea, and sentenced him accordingly. (*See* Negotiated Guilty Plea Sentence, 11/10/11, at 1; Written Guilty Plea Colloquy, 10/13/11, at 4). At the revocation hearing, the court considered Appellant's criminal history, and specifically the fact that Appellant was on probation for burglary when he committed third degree murder by shooting

_(Footnote Continued)_ ⸺⸺⸺⸺⸺⸺⸺⸺

Complained of on Appeal, 7/06/16; *see also* Commonwealth's Brief, at 5). Therefore, we deem this argument waived, and limit our analysis to considering only those arguments that were properly preserved.

and killing the victim. (*See* N.T. Hearing, at 3-6). Although Appellant now complains that the court did not have enough information to fashion an individualized sentence, he declined the opportunity to testify on his own behalf to provide any such material at the hearing. (*See id.* at 6). In fact, as stated previously, Appellant did not challenge the court's decision not to order a PSI, either at the hearing or in his post-sentence motion. (*See supra* at 5 n.4).

Furthermore, although the court did not "undertake a lengthy discourse for its reasons for imposing [the] sentence[,]" *Crump*, *supra* at 1283 (citation omitted), it did set forth its reasons. (*See* N.T. Hearing, at 6) ("Well, I'm going to impose a sentence for the protection of the community, prevention, punishment, rehabilitation and to vindicate the authority of the Court, because you were on my probation at the time and you should not have been committing crimes.").

Moreover, we note that the maximum sentence that the court could have imposed at Appellant's initial sentencing was twenty years' incarceration. (*See id.* at 7). Therefore, the sentence levied upon revocation, of not less than nine nor more than eighteen years of incarceration, is within the maximum sentence that could have been enforced. *See* 42 Pa.C.S.A. § 9771(b); *Colon*, *supra* at 1044.

Thus, we conclude that the record reflects the court's reasons for Appellant's sentence and its consideration of the circumstances of the offense, Appellant's background, and his character. *See Crump*, *supra* at

1283. The record also reflects that the sentence imposed was within the maximum sentence that could have been imposed originally. ***See Colon***, ***supra*** at 1044. Accordingly, the court did not err or abuse its discretion in this regard. ***See id.*** at 1041. Appellant's issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/7/2017